Mark Berkowitz
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Tel:    (212) 216-8000
Fax:    (212) 216-8001
mberkowitz@tarterkrinsky.com

*Attorneys for Plaintiff Ababoo LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

------------------------------------------------------------- x

| | |
|---|---|
| ABABOO LLC, | : **Civil Action No. 23-cv-1217** |
| | : |
| Plaintiff, | : |
| | : **COMPLAINT AND JURY TRIAL** |
| v. | : **DEMAND** |
| | : |
| PLEXON, INC., | : |
| | : |
| Defendant. | : ***Electronically Filed*** |
| | : |

------------------------------------------------------------- x

Plaintiff Ababoo LLC ("Plaintiff"), by and through its counsel, hereby brings this Complaint against Plexon, Inc. ("Defendant") and alleges as follows:

**NATURE OF THIS ACTION**

1.     This is an action for unfair competition, trademark infringement, and other relief arising under federal law, specifically 15 U.S.C. § 1051 *et seq.* ("Lanham Act"), and the state and common laws of the State of New Jersey. Defendant's blatant misappropriation of Plaintiff's WHOLESALEHOME trademark in connection with identical goods has caused, and will continue to cause, damage to Plaintiff's goodwill associated with its WHOLESALEHOME trademark.

2. In an effort to usurp Plaintiff's business, Defendant has advertised and sold products under Plaintiff's Amazon listing, which features Plaintiff's WHOLESALEHOME trademark and branded products. In particular, Defendant has advertised products, including WHOLESALEHOME-branded products, for purchase to consumers. However, when fulfilling orders, Defendant does not deliver any WHOLESALEHOME-branded product as advertised. Thus, consumers are confused and misled, believing that they have purchased Plaintiff's product, yet do not receive the products shown in the corresponding listing.

3. Accordingly, through their unauthorized conduct, Defendant has created circumstances that are likely to cause, and have caused, consumer confusion, mistake, and deception to the detriment of consumers and the reputation and goodwill belonging to Plaintiff.

## PARTIES

4. Plaintiff is a limited liability company existing under the laws of the State of New Jersey, with an address at 511 South Orange Avenue, Unit #525, Newark, New Jersey 07103.

5. On information and belief, Defendant Plexon, Inc. dba Amazon Seller "PLEXSUPPLY." (Merchant ID: A79CLRHOQ3NF4) is a New Jersey corporation having a principal place of business located at 1992 Morris Avenue, Suite 304, Union, New Jersey 07083.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this action pursuant to the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*., including 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331 and 1338. This Court also has supplemental jurisdiction over any claims herein arising under the laws of the State of New Jersey pursuant to 28 U.S.C. § 1367 because the claims are so related to Plaintiff's federal claim that they form part of the same case or controversy.

7. This Court has personal jurisdiction over Defendant because Defendant's principal place of business is located in this District, is transacting and doing business within this District, and has committed at least some of the acts complained of herein within this District.

8. Venue in this District is proper under 28 U.S.C. §1391 because, among other things, Defendant resides in this District and is subject to personal jurisdiction in this District.

## BACKGROUND FACTS

9. Plaintiff is a seller of various consumer retail goods and is an authorized retailer of various third-party brands.

10. In 2021, Plaintiff adopted the WHOLESALEHOME trademark in connection with the consumer retail goods it sells.

11. The WHOLESALEHOME trademark is now the subject mark of Application Serial No. 90/874,152 as applied to "cloth for wiping or dusting" (the "WHOLESALEHOME Mark").

12. A significant portion of Plaintiff's business is derived from the sale of products on Amazon.com, and in particular, through its Amazon storefront, "Homegoods Shop".

13. Since the formation of Plaintiff's Amazon storefront, Plaintiff has served thousands of customers and has invested significant efforts into building a successful and reputable Amazon storefront. Indeed, "Homegoods Shop" holds a lifetime 96% positive rating.

14. A small sample of Plaintiff's recent reviews are shown below:



15.     Through its Amazon storefront, Plaintiff advertises, uses, and displays the WHOLESALEHOME Mark on its listings for various products, including bundles featuring products from third-party brands in combination with WHOLESALEHOME-branded products.

16.     For example, Plaintiff offers Kidde-branded fire extinguishers bundled with a cleaning cloth imprinted with the WHOLESALEHOME Mark under the following listing on the "Homegoods Shop" Amazon storefront: "Kidde FA110 Multipurpose Fire Extinguishers 2 Pack - Red, (Rating 1-A:10-B:C) Includes Wholesalehome Cleaning Cloth" (ASIN B09Q7V3K2D) ("Plaintiff's Bundle").

17.     As a result of Plaintiff's continuous use of the WHOLESALEHOME Mark and the commercial success of products offered under this mark, Plaintiff has achieved substantial goodwill in the WHOLESALEHOME Mark. The public has come to know that consumer retail goods marketed under the WHOLESALEHOME Mark are of the highest quality and exclusively associated with Plaintiff.

18.    The WHOLESALEHOME Mark has, therefore, become a valuable vehicle for the further development of Plaintiff's goodwill. This goodwill and recognition constitutes one of Plaintiff's most valuable assets. Accordingly, the integrity of the WHOLESALEHOME Mark is extremely valuable to Plaintiff and is crucial to the continued vitality and growth of its business.

19.    Defendant is a competing provider of consumer retail goods on Amazon.com, operating under the "PLEXSUPPLY." storefront.

20.    Defendant advertises, offers for sale, and sells the same types of products as Plaintiff, and in many instances, identical products.

21.    For example, like Plaintiff, Defendant advertises, markets, offers for sale, and sells third-party Kidde-branded fire extinguishers (the "Accused Products").

22.    However, in an effort to trade upon Plaintiff's goodwill, Defendant has associated the Accused Product with Plaintiff's Amazon listing for Plaintiff's Bundle that includes Kidde-branded fire extinguishers in combination with a WHOLESALEHOME cleaning cloth.

23.    On information and belief, unlike the product bundle advertised, marketed, promoted, offered for sale and sold by Plaintiff, Defendant's Accused Product does not contain Plaintiff's WHOLESALEHOME-branded cleaning cloth.

24.    Consumers make purchasing decisions, in significant part, based upon the brands, advertising, trademarks, and images that appear in Plaintiff's Amazon listings. As such, consumers expect to receive the WHOLESALEHOME-branded products actually displayed and itemized in the Amazon listing. However, consumers do not receive the product they intended to purchase.

25.    Defendant's offer and promotion of the Accused Product under Plaintiff's Amazon listing and unauthorized use of the WHOLESALEHOME Mark—thereby representing

to customers that the products they are selling are the same as those advertised, marketed, promoted, offered for sale, and sold by Plaintiff—falsely designates the source of the goods in a manner that is likely to cause confusion, mistake, or deception among consumers as to the origin, sponsorship, or approval of these goods, and improperly trades off the goodwill established by Plaintiff.

26.     Consumers familiar with Plaintiff's goods are likely to assume, incorrectly, that Defendant's goods provided under the WHOLESALEHOME Mark originated with Plaintiff or that there is an affiliation between the parties, or that Plaintiff has sponsored, endorsed, or approved Defendant's goods.

27.     Plaintiff, through counsel, demanded that Defendant cease its infringement of Plaintiff's WHOLESALEHOME Mark. Plaintiff has not received a response and Defendant continues to promote, offer, and sell products under Plaintiff's WHOLESALEHOME Mark.

28.     Defendant's actions have detrimentally impacted Plaintiff's sales on Amazon, harming the stability and overall health of the "Homegoods Shop" storefront—a significantly profitable portion of Plaintiff's business.

29.     Thus, Defendant's offering of its goods in connection with the WHOLESALEHOME Mark creates serious and irreparable injury to Plaintiff.

30.     Accordingly, Defendant, by the acts complained of herein, have infringed and continue to infringe Plaintiff's WHOLESALEHOME Mark, and otherwise improperly usurp the reputation and goodwill of Plaintiff to promote their competitive products, which are not connected with, authorized, approved, licensed, produced, or sponsored by Plaintiff.

31.     The natural, probable and foreseeable results of Defendant's wrongful conduct have, and will continue, to deprive Plaintiff of the benefit of its right to use its WHOLESALEHOME Mark and the associated goodwill.

32.     The aforesaid acts of Defendant has caused, and unless restrained and enjoined by this Court, will continue to cause irreparable damage, loss, and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## COUNT I – FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

33.     Plaintiff realleges and incorporates all previous paragraphs.

34.     Defendant has deliberately and willfully attempted to trade upon Plaintiff's goodwill in its WHOLESALEHOME Mark and the reputation established by Plaintiff in connection with its products in order to confuse consumers as to the original and sponsorship of Defendant's goods.

35.     Defendant has advertised its products under Plaintiff's WHOLESALEHOME Mark and Amazon listing, and ultimately delivered orders made under this listing with different and inferior products and/or without an advertised product.

36.     Defendant's unlawful and improper use of the WHOLESALEHOME Mark on goods through identical channels of commerce is causing, and is likely to continue to cause, confusion, mistake or deception as to the source, origin or sponsorship of Defendant's goods, and to falsely mislead others into believing that Defendant's goods are affiliated or connected with, or are licensed, sponsored, authorized, approved, or sanctioned by Plaintiff.

37.     The above-described acts of Defendant constitute trademark infringement of the WHOLESALEHOME Mark, unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

38.    By reason of the above-described acts of Defendant, Plaintiff has suffered damage to the goodwill associated with the WHOLESALEHOME Mark.

39.    The above-described acts of Defendant have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public, which has an interest in being free from confusion, mistake, and deception.

40.    Moreover, Defendant's unauthorized and tortious conduct has deprived and will continue to deprive Plaintiff of the ability to control the consumer perception of its goods marketed under the WHOLESALEHOME Mark, placing the valuable reputation and goodwill of Plaintiff into the hands of Defendant, over whom Plaintiff has no control.

41.    Plaintiff has been harmed and will continue to be harmed by Defendant's infringement of its common law trademark rights unless Defendant is enjoined from further use of the WHOLESALEHOME Mark.

42.    By reason of Defendant's acts, Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted by Defendant. Accordingly, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

43.    Because the above-described acts of Defendant were willful, Plaintiff is entitled to damages, and those damages should be trebled under 15 U.S.C. § 1117.

## COUNT II – NEW JERSEY UNFAIR COMPETITION
### (N.J.S.A. § 56:4-1, et seq.)

44.    Plaintiff realleges and incorporates all previous paragraphs.

45.    Defendant is in direct competition with Plaintiff.

46.    Defendant's willful, knowing, and unauthorized promotion, advertisement, sale and offering for sale of infringing goods falsely indicates that Defendant is connected with, sponsored, endorsed, authorized, approved by or affiliated with Plaintiff (which they are not),

causes confusion, mistake or deception as to the source of the goods, and causes harm to Plaintiff's goodwill.

47.    Such acts constitute deceptive trade practices and unfair competition in the conduct of trade and commerce in violation of state law, including New Jersey Statute § 56:4-1, et seq.

48.    Defendant's actions have proximately caused Plaintiff damage, and Plaintiff is entitled to compensatory damages under the law.

49.    Due to Defendant's conduct, Plaintiff has suffered and will continue to suffer irreparable harm. It would be difficult to ascertain the amount of actual damages that would afford Plaintiff adequate relief at law for Defendant's acts and continuing acts. Plaintiff's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendant. Accordingly, Plaintiff is entitled to injunctive relief.

50.    Defendant's conduct has been intentional and willful and in conscious disregard of Plaintiff's rights and, therefore, Plaintiff is entitled to damages, and those damages should be trebled under the law of the State of New Jersey.

## COUNT III – NEW JERSEY TRADEMARK INFRINGEMENT
### (N.J.S.A. § 56:3–13.16)

51.    Plaintiff realleges and incorporates all previous paragraphs.

52.    The foregoing acts of Defendant violate New Jersey Statute § 56.3–13.16 because they constitute use of an identical imitation of Plaintiff's WHOLESALEHOME Mark in connection with the sale, offering for sale, distribution, and advertising of goods in a manner that is likely to cause confusion, mistake, and deception as to the source or origin of the goods.

53.    Due to Defendant's conduct, Plaintiff has suffered and will continue to suffer irreparable harm. It would be difficult to ascertain the amount of actual damages that would

afford Plaintiff adequate relief at law for Defendant's acts and continuing acts. Plaintiff's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendant. Accordingly, Plaintiff is entitled to injunctive relief.

54.     Defendant's conduct has been intentional and willful and in conscious disregard of Plaintiff's rights and, therefore, Plaintiff is entitled to damages.

**COUNT IV – NEW JERSEY COMMON LAW**
**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

55.     Plaintiff realleges and incorporates all previous paragraphs.

56.     This is a claim for unfair competition, arising under the common law of the State of New Jersey.

57.     Defendant, by its acts alleged above, has willfully, knowingly, and intentionally engaged in acts constituting unfair competition and trademark infringement under the common law of the State of New Jersey.

58.     Defendant's unlawful and improper use of the WHOLESALEHOME Mark constitutes infringement of Plaintiff's rights in its common law WHOLESALEHOME Mark and tends to falsely describe or represent that Defendant's goods are provided, sponsored, approved, or licensed by Plaintiff and are of the same quality as the goods of Plaintiff.

59.     Due to Defendant's conduct, Plaintiff has suffered and will continue to suffer irreparable harm. It would be difficult to ascertain the amount of actual damages that would afford Plaintiff adequate relief at law for Defendant's acts and continuing acts. Plaintiff's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendant. Accordingly, Plaintiff is entitled to injunctive relief.

60.     Defendant's conduct has been intentional and willful and in conscious disregard of Plaintiff's rights and, therefore, Plaintiff is entitled to damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for judgment as follows:

    A.    That the Court enter a judgment against Defendant that Defendant has:

        i.    Infringed the rights of Plaintiff in the WHOLESALEHOME Mark in violation of 15 U.S.C. § 1125(a); and

        ii.    Engaged in trademark infringement and unfair competition in violation of N.J.S.A. § 56:4-1, et seq., N.J.S.A. § 56.3–13.16, and common law.

    B.    That each of the above acts was willful;

    C.    That the Court issue a temporary restraining order, preliminary injunction, and permanent injunction enjoining and restraining Defendant and its agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from:

        i.    Engaging in any infringing activity including advertising, promoting, marketing, franchising, selling, and offering for sale any goods or services in connection with the WHOLESALEHOME Mark or any similar mark;

        ii.    Engaging in any activity that lessens the distinctiveness of the WHOLESALEHOME Mark;

        iii.    Falsely designating the origin, sponsorship, or affiliation of the Defendant's goods in any manner;

        iv.    Otherwise unfairly competing with Plaintiff; and

        v.    Continuing to perform in any manner whatsoever of the acts complained of herein.

D.      That Plaintiff be awarded damages for Defendant's acts of trademark infringement and unfair competition and that those damages be trebled due to Defendant's willfulness in accordance with the provisions of 15 U.S.C. § 1117.

E.      That Plaintiff be awarded all of Defendant's gains, profits, and advantages derived by it from the unlawful activities alleged herein.

F.      That Plaintiff be awarded exemplary or punitive damages in an amount appropriate to punish Defendant and make them an example to the community.

G.      That Plaintiff be awarded all of its litigation expenses, including but not limited to its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, New Jersey law, and any other applicable provisions of law, and other costs and fees incurred in this Action.

H.      That the Court award such other and further relief as the Court shall find just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Ababoo LLC

hereby requests trial by jury on all issues so triable.


Dated: March 2, 2023                            Respectfully submitted,

                                                TARTER KRINSKY & DROGIN LLP

                                        By:  *s/ Mark Berkowitz*
                                                Mark Berkowitz
                                                1350 Broadway
                                                New York, NY  10018
                                                Tel.:    (212) 216-8000
                                                Fax:     (212) 216-8001
                                                E-mail:  mberkowitz@tarterkrinsky.com

                                                ***Attorneys for Plaintiff Ababoo LLC***

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, Plaintiff, through its attorneys, certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: March 2, 2023                         Respectfully submitted,

                                             TARTER KRINSKY & DROGIN LLP

                                    By:  *s/ Mark Berkowitz*
                                             Mark Berkowitz
                                             1350 Broadway
                                             New York, NY  10018
                                             Tel.:    (212) 216-8000
                                             Fax:     (212) 216-8001
                                             E-mail:  mberkowitz@tarterkrinsky.com

                                             ***Attorneys for Plaintiff Ababoo LLC***

-14-

**LOCAL CIVIL RULE 201.1 CERTIFICATION**

Pursuant to Local Civil Rule 201.1, Plaintiff, through its attorneys, certifies that the above captioned matter is not subject to compulsory arbitration.

Dated: March 2, 2023

Respectfully submitted,

TARTER KRINSKY & DROGIN LLP

By: *s/ Mark Berkowitz*
     Mark Berkowitz
     1350 Broadway
     New York, NY  10018
     Tel.:    (212) 216-8000
     Fax:    (212) 216-8001
     E-mail: mberkowitz@tarterkrinsky.com

     *Attorneys for Plaintiff Ababoo LLC*